IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEVERLY NELSON,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00244-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Daphne A. Oberg |

Before the court is Defendant Safeco Insurance Company's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3).[1] Having reviewed the Motion and associated briefing, the court GRANTS Safeco's Motion.[2]

## BACKGROUND

This case arises from an automobile accident that took place in Springville, Utah in November 2023.[3] Plaintiff, a Wyoming resident,[4] was traveling in her vehicle when an underinsured motorist[5] crashed into her car.[6] Plaintiff alleges she sustained multiple injuries as a result of the accident, and the at-fault driver's insurance eventually tendered its policy limits of

---

[1] Dkt. 6, *Motion to Dismiss* (*Motion*).

[2] Pursuant to DUCivR 7-1(g), the court determines oral argument is unnecessary and resolves the Motions based on the parties' written memoranda.

[3] Dkt. 1-1, *Complaint* ¶ 4.

[4] *Id.* ¶ 1.

[5] For context, an underinsured motor vehicle is a vehicle which is covered under a liability policy at the time of an injury-causing occurrence, but which has insufficient liability coverage to compensate fully the injured party for all special and general damages. *See, e.g.*, Utah Code § 31A-22-305.3(1)(b)(i). UIM coverage provides coverage for a covered person who is legally entitled to recover damages from an owner or operator of an underinsured motor vehicle because of bodily injury, sickness, disease, or death. *E.g.*, *id.* § 31A-22-305.3(2)(a).

[6] *Complaint* ¶¶ 4–7.

$50,000.[7] Thereafter, Plaintiff submitted an underinsured motorist (UIM) claim under her Safeco insurance policy (the Policy),[8] and she demanded Safeco arbitrate her claim under Utah law.[9] Safeco rejected her claim and arbitration demand, and Plaintiff subsequently filed this lawsuit seeking to compel arbitration under Utah law and asserting Safeco breached the implied covenant of good faith and fair dealing.[10]

The Policy is a "Wyoming Personal Auto Policy," and it lists Plaintiff Beverly Nelson as an insured.[11] Both in the Policy and in the Complaint, Plaintiff acknowledges she maintains a Wyoming address.[12] The Policy provides uninsured and underinsured motorists coverage, and it allows for arbitration if Safeco and the insured dispute (1) whether the insured is legally entitled to recover damages; or (2) the amount of damages which are recoverable by that insured.[13] However, disputes concerning UIM coverage "may not be arbitrated."[14] In the event the parties seek arbitration, "[b]oth parties must agree to arbitration by separate written agreement."[15] And, "[u]nless both parties agree otherwise, arbitration will take place in the county in which the insured lives."[16]

---

[7] *Id.* ¶¶ 8–10.

[8] *Motion* at 1; *Complaint* ¶ 11.

[9] *Motion* at 2; *Complaint* ¶ 33.

[10] *Motion* at 2; *see Complaint*.

[11] Dkt. 6-1, *Exhibit 1* (*Safeco Policy*) at 9.

[12] *Id.*; *Complaint* ¶ 1.

[13] *Safeco Policy* at 20, 23.

[14] *Id.* at 23.

[15] *Id.*

[16] *Id.*

Safeco filed the present Motion in April 2025, seeking to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3).[17] The Motion is fully briefed and ripe for review.[18]

## LEGAL STANDARD

The court ultimately resolves the Motion under Rule 12(b)(6).[19] Generally, "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In determining whether a complaint satisfies these criteria, courts accept all well-pleaded allegations as true, construe the allegations in the light most favorable to the plaintiff, and consider the complaint as a whole, along with the documents incorporated by reference into the complaint.[22] And "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations."[23] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[24] The court's function on a Rule 12(b)(6) motion is not to weigh

---

[17] *Motion* at 1.

[18] *Id.*; Dkt. 8, *Plaintiff's Opposition to Motion to Dismiss* (*Opposition*); Dkt. 9, *Reply in Support of Defendant's Motion to Dismiss* (*Reply*).

[19] Federal pleading requirements govern actions commenced in or removed to federal court. *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896 (E.D. Mich. 2012) (citing *Herron v. Jupiter Transp. Co.,* 858 F.2d 332, 335–36 (6th Cir. 1988)).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Id.* (citing *Twombly*, 550 U.S. at 556).

[22] *See Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015) (citations omitted).

[23] *Iqbal*, 556 U.S. at 679.

[24] *Id.* at 678.

3

potential evidence the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[25]

A defendant may raise an affirmative defense by motion to dismiss for failure to state a claim.[26] Moreover, when a court considers matters outside the pleadings on a 12(b)(6) motion to dismiss, to court must convert the motion to one for summary judgment under Rule 56, and all parties should be given reasonable opportunity to present relevant materials.[27] However, a district court may consider documents referred to in the complaint without converting the motion to one for summary judgment if the documents are central to the plaintiff's claim, and the parties do not dispute the documents' authenticity.[28]

## ANALYSIS

Safeco seeks to dismiss Plaintiff's claim to compel arbitration under Rules 12(b)(6) and 12(b)(3).[29] Safeco also seeks dismissal of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing under Rule 12(b)(6).[30] In support of its Motion, Safeco submits a copy of the Policy as an Exhibit.[31] Because the Policy is referenced in the Complaint, and because Plaintiff does not dispute the Policy's authenticity, the court considers this Exhibit without converting the Motion to one for summary judgment.

---

[25] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[26] *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

[27] Fed. R. Civ. P. 12(d); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citations omitted).

[28] *Alvarado*, 493 F.3d at 1215 (citing *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002)).

[29] *Motion* at 16.

[30] *Id.* at 11.

[31] *Safeco Policy*.

In her Complaint, Plaintiff appears to invoke Utah's insurance code in addition to the Policy as bases to compel arbitration.[32] Because Plaintiff's claims relate to Safeco's alleged failure to pay UIM benefits owed under the Policy, the court first finds it necessary to determine which state's law governs this dispute. Finding Wyoming law governs, the court ultimately agrees with Safeco that Plaintiff's claims should be dismissed.

I.   **Wyoming Law Governs the Parties' UIM Coverage Dispute.**

A federal court sitting in diversity applies the substantive law of the forum state, including its choice of law rules.[33] Here, under Utah conflict of law principles, a court first determines whether there is a conflict between the laws of two states.[34] If so, the court then characterizes the nature of the claim as one of tort, contract, property, or some other field "in order to identify an appropriate set of factors to determine which forum has the 'most significant relationship' to the cause of action."[35] For a conflict of laws question in a contract dispute, as is the case here, "the most significant relationship test as explained in Restatement of Conflict section 188 is the appropriate rule."[36] This rule provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
>
> (2) In the absence of an effective choice of law by the parties . . ., the contacts to be taken into account in . . . [determining] the law applicable to an issue include:
>
>    (a) the place of contracting,
>
>    (b) the place of negotiation of the contract,

---

[32] *See Complaint* ¶¶ 25–28.

[33] *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citations omitted).

[34] *Am. Nat. Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 188 (Utah 1996).

[35] *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1059 (Utah 2002) (citations omitted).

[36] *Am. Nat. Fire Ins. Co.*, 927 P.2d at 190.

      (c) the place of performance,

      (d) the location of the subject matter of the contract, and.

      (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.[37]

Here, the parties dispute whether Utah or Wyoming law applies to the UIM coverage dispute, which arises out of the terms of the Policy. The Policy does not contain a choice of law clause, though it is titled as a "Wyoming Personal Auto Policy," and several of its provisions mention they are subject to and comply with Wyoming law.[38] While the court independently observes these provisions may provide "persuasive evidence that the parties wished to have this law applied,"[39] Safeco cites no legal authority suggesting these passing references to Wyoming can serve as an enforceable substitute for a choice of law clause.[40] Having failed to do so, the court does not address this issue.[41] Instead, the bulk of Safeco's Motion is directed at whether Utah's application of the most significant relationship test nonetheless requires the court to find Wyoming law governs the parties' rights under the Policy.[42]

The parties do not dispute a conflict exists between these states' laws concerning UIM coverage and the availability of arbitration for UIM claims. Utah generally requires that every policy of insurance "purchased to satisfy the owner's or operator's security requirement" include

---

[37] *Id.* at 188 (quoting Restatement (Second) of Conflict of Laws § 188 (1971)).

[38] *See Motion* at 7 (citing *Safeco Policy*).

[39] Restatement (Second) of Conflict of Laws § 187 cmt. a (1988).

[40] *See Motion* at 7.

[41] *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with 'legal authority or argument.'") (quoting *Clark v. State Farm Mut. Auto. Ins. Co.,* 319 F.3d 1234, 1244 (10th Cir. 2003)).

[42] *Motion* at 7.

UIM coverage.[43] And Utah allows either party to elect arbitration to resolve a UIM coverage dispute, under certain circumstances.[44] In contrast, "Wyoming statutes governing uninsured motorist coverage are silent as to the treatment of underinsured motorist coverage."[45] The Tenth Circuit has observed that "Wyoming has chosen to allow insurers to offer underinsured motorist coverage on whatever terms they see fit, or even not to offer such coverage at all."[46]

In light of this conflict, and because the parties agree their dispute is properly characterized as one of contract,[47] the court applies the most significant relationship test under Utah law to determine which state's law applies. The court finds this case to be similar to *American National Fire Insurance Company v. Farmers Insurance Exchange*, where the Utah Supreme Court performed a conflict-of-law analysis to determine which state's law applied to a dispute arising out of an automobile insurance policy.[48] There, the Court found the policy "clearly ha[d] a significant relationship with Idaho," as it had been "negotiated and executed there[,]" involved an Idaho resident, and involved an automobile that was "registered and garaged in that state."[49] The Court concluded that "all significant contacts, save the place of the accident itself, were with Idaho" and found Idaho law controlled.[50] Similarly here, there is no dispute the Policy was negotiated by, contracted for, and issued to a Wyoming resident to insure

---

[43] Utah Code § 31A-22-302(1)(c); *see also Russian v. Liberty Mut. Ins.*, No. 2:24-CV-00864-RJS-JCB, 2025 WL 1455804, at *3–4 (D. Utah May 21, 2025) (discussing various Utah UIM coverage requirements).

[44] Utah Code § 31A-22-305.3(8).

[45] *Broderick v. Dairyland Ins. Co.*, 270 P.3d 684, 689 (Wyo. 2012) (citation omitted).

[46] *Winegeart v. Am. Alt. Ins. Corp.*, 224 F. App'x 807, 809 (10th Cir. 2007).

[47] *Motion* at 2; *Opposition* at 2–3.

[48] *Am. Nat. Fire Ins. Co.*, 927 P.2d at 190.

[49] *Id.* at 189.

[50] *Id.* at 190–91.

7

a vehicle located in Wyoming.[51] Thus, applying the above-mentioned factors, and as the Court held in *American National Fire Insurance Company*, this court "must hold that the parties to an automobile insurance contract cannot change their bargain or have the bargain changed for them every time they drive across a state line."[52] Accordingly, Wyoming bears the most significant relationship to Plaintiff's claims, and Wyoming law governs this dispute.

### II. Plaintiff's Claim to Compel Arbitration is Dismissed under Rule 12(b)(6).

Finding Wyoming law applies to Plaintiff's claims arising out of the Policy, the court turns to Safeco's next argument that Plaintiff's claim to compel arbitration should be dismissed under Rule 12(b)(6).[53] The court agrees.

Plaintiff's right to compel arbitration to resolve the UIM coverage dispute under the Policy appears to rest on two independent grounds. The first is under Utah Code § 31A-22-305.3(8)(a)(i), which provides claimants seeking to resolve a UIM claim against their insurer an independent right to submit a claim to binding arbitration.[54] The second is under the terms of the Policy.[55] But neither ground entitles Plaintiff to compel arbitration for claims related to the Policy. First, as the court described above, Wyoming law governs the parties' claims arising out of the Policy. As such, Plaintiff cannot avail herself to the provisions within the Utah Code to prosecute her contract claims against Safeco. Second, the Policy expressly provides that "disputes concerning [UIM] coverage . . . may not be arbitrated."[56] As such, the Policy does not provide Plaintiff with an independent right to compel arbitration in this case.

---

[51] *See Opposition* at 3–4; *Complaint* ¶ 1.

[52] *Am. Nat. Fire Ins. Co.*, 927 P.2d at 190.

[53] *See Motion* at 6–11, 16–17.

[54] *See Complaint* ¶¶ 26–28.

[55] *See id.* ¶ 25.

[56] *Safeco Policy* at 23.

The court is equally unpersuaded by Plaintiff's arguments that even if the court concludes Wyoming law governs the interpretation of the Policy, Plaintiff is still entitled to invoke Utah's statutory UIM protections "because the accident occurred in Utah"[57] and therefore "apply by operation of law" once "the claimant alleges that UIM benefits are owed."[58]  Plaintiff provides no legal authority for this proposition.  In fact, the only Utah authority before the court indicates the opposite.  The Utah Supreme Court has stated:

> [a]n automobile is by its very nature mobile and can be expected to cross state lines frequently.  Reforming an automobile liability insurance policy every time the automobile crosses state lines would invalidate the expectations of the parties and destroy predictability both for the insurance company in adjusting its policies, fees, income, and expense projections and for the party purchasing liability insurance.[59]

In other words, because Wyoming law applies to disputes arising out of the Policy, unilaterally vesting the Plaintiff with a right to invoke Utah's insurance code merely because the accident occurred in Utah would impermissibly invalidate the agreed-upon expectations of the parties in contravention of established law.

Finally, the court is not persuaded by Plaintiff's argument that the Policy dictates only "where arbitration would occur—not where an action to compel arbitration may be filed."[60]  The court recognizes the parties do not dispute the validity and enforceability of the Policy's clauses disallowing arbitration for UIM coverage disputes, but they nonetheless appear to agree arbitration is their preferred dispute-resolution vehicle.[61]  But even if this court were to give effect to the parties' implicit agreement and overlook the 12(b)(6) grounds to dismiss Plaintiff's

---

[57] *Opposition* at 3.

[58] *Id.*

[59] *Am. Nat. Fire Ins. Co.*, 927 P.2d at 192.

[60] *Opposition* at 5.

[61] *Motion* at 2 n.1 ("To be clear, Defendant only disputes that it is required to arbitrate under the provisions of Utah law.  Defendant may be willing to arbitrate otherwise.").

claim to compel arbitration, the case would either be transferred pursuant to 28 U.S.C. § 1404(a), or it would be dismissed under the doctrine of *forum nonconveniens*.[62] This is because the Policy provides that any "arbitration will take place in the county in which the insured lives,"[63] which is Wyoming. Importantly, the Tenth Circuit is clear that when parties "agree[] to arbitrate in a particular forum[,] only a district court in that forum has authority to compel arbitration under § 4" of the Federal Arbitration Act.[64] Utah law mandates the same.[65] Because the parties independently agreed that any arbitration under the Policy would occur in Wyoming, only a Wyoming court has authority to compel arbitration under the Policy.

Ultimately, as Plaintiff has no right to compel arbitration under Utah law, that claim must be dismissed under Rule 12(b)(6).

---

[62] Safeco argues Rule 12(b)(3) provides an alternative ground to dismiss Plaintiff's claim to compel arbitration. *See Motion* at 16. But Rule 12(b)(3) is the incorrect tool to dismiss a case based on the existence of a forum-selection clause. Indeed, an agreement to arbitrate before a specified tribunal is characterized as "a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)). The Supreme Court has explained that federal law, not state law, governs the district court's decision whether to give effect to the parties' forum-selection clause. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 58 (2013) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–32 (1988)). And importantly, the Supreme Court has clarified that Rule 12(b)(3) is not the proper vehicle for seeking dismissal of a case based on the existence of a forum-selection clause. *Id.* at 55. This is because Rule 12(b)(3) allows dismissal only when venue is "improper," as provided for under 28 U.S.C. § 1391 (when a party fails to bring a civil action in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action). *Id.* at 55–56. When the propriety of venue is challenged, the court must determine whether the case falls within one of the three categories set out in 28 U.S.C. § 1391(b). *Id.* at 56. If it does, venue is proper. *Id.* If it does not, venue is improper under Rule 12(b)(3), and the case must be dismissed or transferred under 28 U.S.C. § 1406(a). *Id.* Because the existence of a valid forum-selection clause does not, by itself, render venue "improper," it "has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.* Instead, courts enforce forum-selection clauses by either transferring the case pursuant to 28 U.S.C. § 1404(a) or dismissing the case under the doctrine of *forum non conveniens*. *See id.* at 59–61. The frameworks of § 1404(a) and the doctrine of *forum non conveniens* are the same, and the latter doctrine is used when a forum-selection clause calls for a nonfederal forum. *See id.* at 60–62.

[63] *Safeco Policy* at 23.

[64] *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219–20 (10th Cir. 2005) (citations omitted).

[65] Utah Code § 78B-11-128.

### III. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing is Dismissed under Rule 12(b)(6).

When jurisdiction is based on the parties' diverse citizenship, a federal court must assess state law claims based on the substantive law of the forum state.[66] Again, the parties dispute whether Utah or Wyoming law should apply to provide the elements required to be pleaded for Plaintiff's claim for breach of the implied covenant.[67] But Plaintiff fails to state a claim for relief under either iteration of the law. To establish a breach of the implied covenant by an insurer under Wyoming law, the insured is required to show: (1) the absence of any reasonable basis for denying a claim for benefits; and (2) the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim for benefits.[68] Under Utah law, the implied covenant in the insurance context "contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[69] And if the "insurer acts reasonably in denying a claim, then the insurer did not contravene the covenant."[70]

Plaintiff responds to Safeco's arguments in part by pointing to allegations that (1) she complied with all policy conditions; (2) Safeco made an unreasonably low offer; and (3) Safeco failed to evaluate or resolve her claim in good faith.[71] But these allegations are pure legal conclusions unsupported by factual allegations.[72] Plaintiff insists these assertions are supported

---

[66] *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1223 (10th Cir. 2016) (citation omitted).

[67] *Compare Motion* at 11 (arguing for application of Wyoming law) *with Opposition* at 2, 4 (arguing for application of Utah law).

[68] *Bergantino v. State Farm Mut. Auto. Ins. Co.*, 500 P.3d 249, 256 (Wyo. 2021) (citation omitted).

[69] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 533 (Utah 2002) (citation omitted).

[70] *Id.* (citation omitted).

[71] *Opposition* at 4–5.

[72] *Iqbal*, 556 U.S. at 679.

"by medical billing and settlement conduct,"[73] but a review of the Complaint reveals that all allegations supported by these facts do not give rise to a reasonable inference that Safeco breached the implied covenant.

Indeed, the only non-conclusory allegations the court can glean from the Complaint that are related to Safeco's alleged breach of the implied covenant are (1) that Safeco refused to pay Plaintiff any UIM benefits under the Policy despite Plaintiff having incurred $40,000 in expenses, and (2) that Safeco denied Plaintiff's request to arbitrate the UIM coverage dispute in Utah.[74] But, without more, these allegations are insufficient. Safeco's refusal to pay UIM benefits could only be unreasonable if the at-fault driver's insurance tendered an insufficient amount to cover Plaintiff's claimed damages. And here, Plaintiff claims she suffered $40,216 in damages, with the at fault driver's insurance settling with her for $50,000—nearly $10,000 more than her alleged damages.[75] Plaintiff alleges no facts to suggest her damages were in excess of the $50,000 amount tendered by the at-fault diver's insurance. Thus, she cannot plausibly allege Safeco's outright denial of UIM benefits was unreasonable. Moreover, as explained above, Safeco's refusal to arbitrate in Utah cannot be considered unreasonable as Plaintiff has no right to invoke Utah statutory law to demand arbitration, the Policy does not allow UIM coverage disputes to be arbitrated, and Plaintiff agreed to conduct any arbitration under the Policy in Wyoming, unless the parties agreed otherwise. Without a right to demand arbitration in Utah, Safeco's refusal to arbitrate in Utah cannot be considered unreasonable to give rise to a claim for breach of the implied covenant.

---

[73] *Opposition* at 5.
[74] *Id.* at 4; *Complaint* ¶¶ 9, 16, 33.
[75] *Complaint* ¶ 9; *Opposition* at 2.

Ultimately, Plaintiff includes no allegations enabling the court to make a reasonable inference that the defendant is liable for the misconduct alleged. As such, the claim for breach of the implied covenant must be dismissed under Rule 12(b)(6).[76]

## CONCLUSION

For the foregoing reasons, Safeco's Motion is GRANTED,[77] and Plaintiff's claims against Safeco are DISMISSED. The Clerk of Court is directed to close the case.

SO ORDERED this 9th day of June 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[76] This claim is dismissed without prejudice. *See Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1134 (D.N.M. 2017) ("Although a complaint crafted to meet the state's notice pleading standard may survive a motion to dismiss in that forum, upon removal it might fail to state a claim under the more rigorous federal standard. The Court has previously noted that it may grant a motion to dismiss in that context, but that it would dismiss without prejudice to allow the plaintiffs an opportunity to amend their complaint to comply with Twombly/Iqbal."); *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 874 n.13 (8th Cir. 2024) ("Generally, a federal district court should allow a party to replead, if the party so requests, when a case is removed from a state court with a pleading standard less demanding than Rule 12(b)(6)." (citation omitted)).

[77] Dkt. 6.